IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**SAM EDWARD THURMOND, SR.**                                      **PETITIONER**

VS.                       **CASE NO. 5:14CV00296 BSM/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                             **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Sam Edward Thurmond, Sr., has filed an application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Thurmond is currently in the custody of the Arkansas Department of Correction (ADC) as a result of the revocation of his probation following the entry of a guilty plea to the charge of theft of property in January of 2012 in Faulkner County Circuit Court. Mr. Thurmond filed a timely Rule 37 petition. At the revocation hearing in May of 2012, the trial court considered both the Rule 37 petition and the petition for probation revocation filed by the state. The trial court revoked his parole, imposing 360 additional days and additional parole time, and denied the Rule 37 petition. Mr. Thurmond unsuccessfully appealed the denial of Rule 37 relief. *Thurmond v. State*, 2014 Ark. 176. In June of 2012, Mr. Thurmond filed a petition to correct an illegal sentence, and he amended this petition in August of 2012. He alleged he was subjected to punishment which violated his right to be free from double jeopardy. He also alleged that the inclusion of Ark. Code Ann. § 5-4-309 and 310 on the arrest warrant invalidated the arrest because those statutory provisions were repealed in 2011. A hearing was conducted in September of 2012, and the trial judge denied relief on November 2, 2012. On appeal, the Arkansas Supreme Court affirmed. *Thurmond v. State*, 2014 Ark. 321 *(per curiam).*

In his current habeas corpus petition[1] Mr. Thurmond claims:

(1) he was denied due process and equal protection because his arrest warrant cited a statutory provision that had been repealed;

(2) his sentence was illegally imposed and the circuit court lacked jurisdiction, thus violating his due process rights;

(3) his sentence was illegally imposed and violated his due process and equal protection rights; and

(4) his sentence violated his right to be free from double jeopardy.

**Procedural Default:** The respondent contends that claims 1, 2, and 3 are not properly before this Court due to the petitioner's failure to adequately raise the claims in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny. Specifically, the respondent contends that Mr. Thurmond failed to raise his due process and equal protection claims in state court on direct appeal or in a postconviction proceeding. By previous Court Order, Mr. Thurmond was notified that dismissal of these grounds was possible due to the apparent procedural default. Mr. Thurmond was notified of his opportunity to explain why dismissal was not proper, and he has submitted a pleading in responsive pleading. See docket entry no. 14.

In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school

---

[1] Mr. Thurmond filed his original habeas corpus petition on August 5, 2014, and subsequently filed a motion to amend on August 18 and a second motion to amend on August 26. These motions (docket entries nos. 8 & 9) are granted. The respondent has already addressed the claims contained in the amended petitions, so a separate or additional response is unnecessary. In addition, the petitioner filed a First Amended Petition and a Second Amended Petition on September 10. These pleadings did not raise new claims for relief.

3

exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)). Here, we conclude that judicial economy will be best served by foregoing the procedural default analysis and considering the merits of the claims advanced by Mr. Thurmond.

**Claims for relief:** While the petitioner characterizes his claims under four headings, the essence of the claims are as follows: (1) his arrest warrant was invalid because it cited a statutory provision which had been repealed, rendering the trial court to be without jurisdiction and his sentence to be illegal; and (2) his right to be free from double jeopardy was violated.

**Arrest Warrant:** The state courts addressed the validity of the arrest warrant. The trial court, in its Order dated November 1, 2012, stated:

> Defendant argues that Ark. Code Ann. 5-4-309 and 5-4-310 were repealed by Act 570, therefore his sentence was improper. This argument is without merit because in the same Act 570 that repealed Ark. Code Ann. 5-4-309 and 5-4-310, language identical to that included in Ark. Code Ann. 5-4-309 and 5-4-310 was enacted and codified at Ark. Code Ann. 16-93-307 (identical to the former 5-4-310) and Ark. Code Ann. 16-93-308 (identical to the former 5-4-309). The law did not change, and the Court finds that inclusion of the old statute number on the warrant did not invalidate the arrest or subsequent stipulation regarding violation of probation.
>
> Defendant also argues that an administrative sanction imposed under Ark. Code Ann. 16-93-306 precludes the filing by the prosecutor of a petition to revoke probation pursuant to Ark. Code Ann. 16-93-307. This argument is without merit because Ark. Code Ann. 16-93-306 specifically references the option to revoke pursuant to 16-93-307. The Court finds that administrative penalties are not intended as a replacement of revocations, rather it is supplemental to the revocation process.

Docket entry no. 10-5, pages 1-2. This decision was affirmed by the Arkansas Supreme Court. *Thurmond v. State*, 2014 Ark. 321.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers

4

guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Here, the petitioner does not advance a plausible argument to show that the state court decision was either contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence adduced in state court. To the contrary, the decision of the Arkansas courts is given great deference. State courts are the ultimate expositors of their own state's laws, and federal courts entertaining habeas corpus petitions are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances. *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981). Here, there is no reason to reject the state court's construction and application of its statutes.

Further, the petitioner's invocation of the constitutional guarantees of equal protection and due process does not elevate his claims. His quarrel is essentially with the state court and the application of state statutes. He fails to demonstrate that equal protection rights were violated, and fails to show that the state court error was "so gross . . . that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process." M*aggitt v. Wyrick*, 533 F.2d 383 (8th Cir. l976). See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012). There is no merit to the first claim of Mr. Thurmond.

**Double Jeopardy:** The Arkansas Supreme Court also considered Mr. Thurmond's claim that he was subjected to double jeopardy:

>   As he did in his petition to correct an illegal sentence, appellant alleges on appeal that adjudication of the State's petition to revoke was barred by the prohibition against double jeopardy because he had already been incarcerated under an Act 570 Jail Letter signed by his probation officer. The trial court found that the sanction under Act 570 was administrative, that it was intended to supplement the revocation proceedings, and that appellant's argument that there was a double-jeopardy violation was without merit.
>
>   Act 570 of the 2011 Acts of Arkansas authorizes the Department of Community Correction to sanction probationers administratively for probation violations without utilizing the revocation process under Arkansas Code Annotated section 16-93-307. Ark. Code Ann. §16-93-306(d)(1) (Supp. 2013). The Jail Letter in this case imposed one of the listed possible immediate sanctions under section 16-93-306(d)(3), subjecting appellant to incarceration in the county jail for seven days. Appellant contends that his incarceration under authority of the Jail Letter and the sentence that was imposed following the revocation proceedings were both punishments for the same conduct. He argues that a double-jeopardy violation therefore occurred when the second punishment was imposed.
>
>   Only criminal proceedings invoke double-jeopardy issues. *Hudson v. United States*, 522 U.S. 93 (1997) (recognizing that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could in common parlance be described as punishment); *see also United States v. Comstock*, 560 U.S. 126 (2010); *United States v. Dinitz*, 424 U.S. 600 (1976) (noting that the Double Jeopardy Clause of the Fifth Amendment protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense). Remedial civil sanctions, as opposed to criminal penalties, do not invoke double jeopardy. *See Pyron v. State*, 330 Ark. 88, 953 S.W.2d 874 (1997).
>
>   This court has held that revocation of probation is not a stage of a criminal prosecution. *Lee v. State*, 2010 Ark. 261 (per curiam) (citing *Pyland v. State*, 302 Ark. 444, 790 S.W.2d 178 (1990), in turn citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). Revocation proceedings do not raise a risk of the deprivation of an absolute liberty so as to invoke double-jeopardy concerns. *See Scarpelli*, 411 U.S. 778; *see also Murphy v. State*, 2013 Ark. 155 (per curiam) (citing *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.2d 220 (2005) (per curiam) (holding that appellant's revocation proceedings did not impose a sentence for purposes of raising a double-jeopardy violation)).
>
>   We need not consider appellant's claim concerning whether the detention imposed under section 16-93-306 was, despite the legislature's designation of it as an administrative sanction, a criminal punishment. Our precedent is clear that no criminal punishment was imposed during the revocation proceedings. Appellant therefore failed to allege an adequate basis for multiple criminal punishments in violation of the prohibition against double jeopardy because he did not demonstrate that the revocation proceedings could have imposed a punishment that might place appellant in jeopardy a second time for the conduct alleged to violation his probation conditions. Appellant has not demonstrated error in the trial court's denial of relief under the statute.

*Thurmond v. State*, 2014 Ark. 321.

As with the initial claim of Mr. Thurmond, he bears the burden of showing the decision of the Arkansas courts on the issue of double jeopardy "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2).

Mr. Thurmond fails to carry his burden, neglecting to show how the state courts' decision was contrary to federal law, or how the ruling was an unreasonable determination of the facts in light of the evidence. To the contrary, the Arkansas Supreme Court's pronouncement that double jeopardy principles were not violated is a reasonable conclusion based on Arkansas law. *See Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981). There is no merit to the double jeopardy claim of Mr. Thurmond.

In summary, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied, as there is no merit to the grounds advanced by the petitioner.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __30__ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE